IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| GRAYSON GAINE,<br><br>      Plaintiff,<br><br>    vs.<br><br>SHAUN KENNEDY, *et al.*,<br><br>      Defendants. | Case No. 25-cv-00451-DKW-WRP<br><br>**ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND MOTION FOR SERVICE OF THE COMPLAINT BY U.S. MARSHALS SERVICE[1]** |

On October 20, 2025, *pro se* Plaintiff Graysen Gaine filed a Complaint against Defendants Shaun Kennedy, Rick Cho, and The Gateway at Waikiki, LLC, asserting claims allegedly arising from an enterprise of "sex trafficking, . . . fraud, and coercion" operated by a hotel resort. Dkt. No. 1 at 2–3. On the same day, Plaintiff filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2. On October 21, 2025, Plaintiff filed a motion requesting service of his Complaint on his behalf by the U.S. Marshals. Dkt. No. 4. On October 23, 2025, Plaintiff filed an Amended Complaint. Dkt. No. 5.

Pursuant to 28 U.S.C. § 1915(a)(1), federal courts may authorize the commencement of suit without prepayment of fees or securities by a person who submits an affidavit which demonstrates that they lack the ability to pay. Though

---

[1] Pursuant to Local Rule 7.1(d), the Court elects to decide these matters without a hearing.

IFP applicants need not demonstrate absolute destitution, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), they must "allege poverty with some particularity, definiteness, and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quotation marks and citations omitted). The affidavit is sufficient where it alleges that the applicant "cannot pay the court costs and still afford the necessities of life." *Id.* (citing *Adkins*, 335 U.S. at 339); *see* 28 U.S.C. § 1915(a)(1).

Here, the IFP Application is missing information that must be included before the Court can properly evaluate Plaintiff's IFP status. Plaintiff claims to work for Lyft Inc., but reports that he receives no wages, which he explains is due to having "lost 1.5 weeks of work due to phone loss" that renders him unable to work "pending phone delivery." Dkt. No. 2 at 1. This suggests that Plaintiff's lack of income is temporary while he awaits delivery of his new phone. Even if Plaintiff intended to mean that his lack of income is long-term, his application lacks specificity. Further, Plaintiff acknowledges under Question Three that he receives "Other Income" through disability or worker's compensation payments, but does not identify the nature or amount of these payments. *Id*. He has also left blank Question Four, which asks for the amount of money Plaintiff has in cash or in his bank accounts. *Id*.

Finally, Plaintiff lists two dependents by name (or initials) but does not disclose their relationship to him, as the application requires.[2]

Without this information, the Court cannot assess Plaintiff's ability to pay the fees for this case. *See Escobedo*, 787 F.3d at 1234. Therefore, the IFP Application, Dkt. No. 2, is DENIED.

As for the motion for service by the U.S. Marshals, courts are obliged to order that service be made by the U.S. Marshals or other person appointed by the court where a plaintiff is proceeding with IFP status. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed.R.Civ.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915."). Because the Court has not approved IFP status for Plaintiff, he is not entitled to service via the U.S. Marshal. *Hill v. Stun Tech, Inc.*, 104 F. App'x 686, 687 (9th Cir. 2004) ("[Plaintiff] was not entitled to service of process by the United States Marshal because he was not proceeding in forma pauperis."). Moreover, no other circumstances are presented that might suggest use of the U.S. Marshal, despite the absence of Plaintiff's IFP status. *See e.g. Shorty v. Hill*, No. 25-CV-656 (RBM)(MSB), 2025 WL 2146859, at

---

[2] One of the dependents, Coro Ramirez, is acknowledged in Plaintiff's complaint as his wife. *See* Dkt. No. 1 at 7. The identity of the other dependent, listed only as "T.R.," is not explained in Plaintiff's pleadings or motion. Dkt. No. 2 at 2.

\*1 (S.D. Cal. July 29, 2025) ("According to the Congressional record, 'the plaintiff is expected first to seek service by private means whenever feasible rather than impose the burden on the Marshals Service;' thus, court orders directing U.S. Marshal service 'should not be issued unless they really are necessary.'" (quoting 96 F.R.D. 81, 127 (1983)). Plaintiff's motion for service is thus DENIED.

Should Plaintiff wish to proceed without prepaying fees or costs in this action, he must address the above-noted discrepancies in his IFP Application. Should he choose to refile his IFP Application, he must fully answer *all* questions on the form, including specific information as to his savings and dependents. With respect to his income, Plaintiff must clarify his current employment, including whether he will be working again in the near future and, if so, what he expects to earn.

For these reasons, the IFP Application, Dkt. No. 2, and Plaintiff's motion for service by the U.S. Marshals, Dkt. No. 4, are DENIED WITHOUT PREJUDICE. Plaintiff has until **November 7, 2025** to *either* (1) pay the filing fee for this action, *or* (2) file a new IFP application consistent with the above instructions.

**Plaintiff is cautioned that the failure to accomplish one of these options by November 7, 2025, consistent with the guidance above, will result in the automatic dismissal of this action without prejudice and without further notice. If Plaintiff no longer wishes to proceed with this action, he should file a letter advising the Court as such.**

The Clerk of Court is DIRECTED to mail Plaintiff a blank Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240).

IT IS SO ORDERED.

DATED: October 24, 2025 at Honolulu, Hawaiʻi.



/s/ Derrick K. Watson
Derrick K. Watson
Chief United States District Judge

---

*Grayson Gaine vs. Shaun Kennedy, et al*; Civil No. 25-00451; **ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND MOTION FOR SERVICE OF THE COMPLAINT BY U.S. MARSHALS SERVICE**